Grigorii Duralev
6429 Spectrum
Irvine, CA 92618
(312) 709-4894
duralevg@gmail.com
PRO-SE



**F I L E D**
CLERK, U.S. DISTRICT COURT

02/22/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

IFP Submitted

# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

Grigorii Duralev
Petitioner,


v.


The Board of
Immigration Appeals,
Respondent

CASE № 8:24-cv-00369-CJC-(DFMx)

PETITION FOR WRIT OF MANDAMUS
OR AGAINST UNREASONABLY DELAYED
ADJUDICATION PURSUANT TO
APA 5 U.S.C. §706(1); 28 U.S.C. §1361

## PETITION FOR WRIT OF MANDAMUS

1
2     The Petitioner Grigorii Duralev petitions for a writ of mandamus
3  to compel the Board of Immigration Appeals (BIA) to perform their
4  duty or stop unreasonable delaying to act on the Petitioner's Motion to
5  Reopen the case based on ineffective assistance of counsel which had
6  been pending before the BIA for more than eight hundred days from
7  the day it was filed on December 13, 2021.

8              ## JURISDICTION AND VENUE

---

**ACTION FOR WRIT OF MANDAMUS 28 U.S.C. §1361 AND APA 5 U.S.C. §706(1)**

1    Jurisdiction exists pursuant to 28 U.S.C. § 1361 and 28 U.S.C. §
2    1331, which provides a federal court with jurisdiction over federal
3    questions. The venue is proper in the Central District of California
4    under 28 U.S.C. § 1391(e)(1)(C) – A civil action in which a respondent
5    is an agency of the United States, may be brought in any judicial
6    district in which the plaintiff resides if no real property is involved in
7    the action that is in the Central District.

8                              **PARTIES.**
9    **The Petitioner.**
10    The Plaintiff is forty-four-year-old Asylum seeker in the United
11    States from Russia. He has two master's degrees from Russian
12    universities and in May of 2023 graduated from Washington
13    University in St. Louis School of Law. The Plaintiff has a four-year-old
14    United States citizen daughter. Since 2016 the Plaintiff pursuing his
15    asylum claim and has litigated other federal questions over his own
16    cases.

17    **The Respondent.**
18    The Respondent is the Board of Immigration Appeals (BIA) - the
19    highest administrative body for interpreting and applying immigration
20    laws. The BIA is located at EOIR headquarters in Falls Church,
21    Virginia. Generally, and has been given nationwide jurisdiction to
22    decide appeals by conducting a "paper review" of cases in a wide variety
23    of proceedings in which the Government of the United States is one
24    party and the other party is an alien, a citizen, or a business firm. The
25    vast majority of appeals reaching the BIA involve, among others,

1  motions for reopening and reconsideration of decisions previously

2  rendered. The BIA is directed to exercise its independent judgment in

3  hearing appeals for the Attorney General.

4  **INTRODUCTION, STATEMENT OF FACTS.**

5  The Petitioner is forty-four-year-old Asylum seeker from Russia.

6  The Petitioner arrived in the United States on November 15, 2015 as

7  a non-immigrant visitor (B2.)

8  He applied for political asylum on January 25, 2016 and was

9  permitted by the U.S. Department of Homeland Security to remain in

10  the United States until his application would be decided by the USCIS.

11  In September 2018, after two and a half years of awaiting the

12  decision of his asylum application, he was invited for the initial asylum

13  interview to the USCIS office. However, was arrested by ICE before his

14  initial interview even started.

15  The only official charge justifying the arrest of the Petitioner was

16  remaining without permission issued by the DHS even though the

17  Petitioner had a valued permission to remain in the United States until

18  his Asylum application would be decided by the USCIS. The Petitioner

19  spent 525 days in detention after being placed in deportation process.

20  At every level of his proceedings, the Petitioner had vigorously

21  stood on his position that his arrest and placing in deportation process

22  on the basis of the particular charge presenting in the Notice to Appear

23  was legally flawed based on the evidence and the United States

24  Immigration law.

1      In August 2021 the Ninth Circuit denied the Petitioner's petition
2  for review for all forms of relief from deportation. However, the
3  Petitioner's arguments pertaining to the question of the administrative
4  charge, on the basis of which the Petitioner was placed in deportation
5  process, the Ninth Circuit could not address because of non-exhausted
6  remedies, in particular – this issue was not properly raised on appeal
7  before the BIA by the Petitioner's counsel.

8      The Petitioner was represented before the BIA by the licensed
9  attorney whom the Petitioner hired and set up two objectives for
10  representing him before the BIA. First was addressing the IJ
11  adjudication of the Petitioner's deportability on the basis of the
12  particular charge, second – addressing the forms of relief from
13  deportation including asylum. The Petitioner's attorney pointed out
14  both set up issues in the Notice to Appeal before the BIA, however,
15  failed to address in the main brief the issue of the IJ determination of
16  the Petitioner's deportability based on particular charge presented in
17  the Notice to Appear. By that, the counsel deprived the Petitioner of
18  addressing this issue on petition for review before the Ninth Circuit.
19  On December 13, 2021, the Petitioner filed the Motion to reopen the
20  case on the basis of ineffective assistance of counsel to the BIA. This
21  Motion has remained pending for more than eight hundred days.

22               **FIRST CAUSE OF ACTION.**
23                   **APA 706(1)**

24      The Respondent failed within a reasonable time proceed to
25  conclude a matter presented to it. By not acting on the Petitioner's

1 Motion for more than eight hundred days the Respondent egregiously
2 and unlawfully withheld or unreasonably delayed the decision, and
3 both terms are applicable as explained in the Memorandum of Points
4 and Authorities.

5 **SECOND CAUSE OF ACTION.**
6 **THE MANDAMUS ACT, 28 U.S.C. §1361**
7     The Respondent did not perform an undeniable duty owed to the
8 Petitioner over his Motion to Reopen for more than eight hundred days.

9 **PRAYER FOR RELIEF**
10     For the foregoing reasons, with all due respect, the Petitioner
11 requests the Federal Court to compel the Respondent to act or to
12 perform their duty.
13     Respectfully submitted on February 22, 2024.
14     /s/Grigorii Duralev
15                         -//-
16                         -//-
17                         -//-
18                         -//-
19                         -//-
20                         -//-
21                         -//-
22                         -//-
23                         -//-
24                         -//-

**ACTION FOR WRIT OF MANDAMUS 28 U.S.C. §1361 AND APA 5 U.S.C. §706(1)**

Grigorii Duralev
6429 Spectrum
Irvine, CA 92618
Phone: (312) 709-4894
Email: duralevg@gmail.com
Pro-Se

Not Detained

# UNITED STATES DEPARTMENT OF JUSTICE

## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

### BOARD OF IMMIGRATION APPEALS

| | |
|---|---|
| In the Matter of )| |
| ) | |
| Grigorii Duralev ) | File No: 208814399 |
| ) | |
| Respondent ) | |
| ) | |
| In removal proceedings ) | |

### MOTION TO REOPEN REMOVAL

### PROCEEDINGS BASED ON INEFFECTIVE ASSISTANCE OF

### COUNSEL.



1

**EXHIBIT 1**



**EXHIBIT 2**